UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**FREDDIE L. WAGNER, JR.**            **CIVIL ACTION**

**VERSUS**            **NO. 25-1409**

**AMAZON.COM, INC. d/b/a RING**            **SECTION: "G"(1)**

## ORDER AND REASONS

Before the Court is a Motion to Dismiss[1] filed by Defendant Amazon.com, Inc. ("Amazon" or "Defendant"). *Pro se* Plaintiff Freddie L. Wagner, Jr. ("Plaintiff") brings claims against Amazon for alleged harassment, intimidation, and improper surveillance and interference that involve the Ring security devices and services.[2] Amazon argues that Plaintiff has not alleged any legally viable claims against it.[3] Plaintiff opposes the motion.[4] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court denies the motion without prejudice and grants Plaintiff leave to file an Amended Complaint.

## I. Background

According to the Complaint, Plaintiff purchased a Ring home security device ("the device") in March 2025.[5] The device is manufactured and sold by Ring, a company that is owned by Amazon.[6] Plaintiff alleges that the device was working well initially, but later began to

---

[1] Rec. Doc. 20.

[2] Rec. Doc. 2-1.

[3] Rec. Doc. 20.

[4] Rec. Doc. 22.

[5] Rec. Doc. 2-1 at 4.

[6] Rec. Doc. 20-1 at 1.

1

malfunction, allegedly causing connection failures, unexpected logouts, and false triggers.[7] Specifically, Plaintiff alleges that on June 2 and 3, he received multiple "motion alerts" while he was not present at his property.[8] Plaintiff claims that these notifications were not consistent with "normal camera behavior."[9] Plaintiff alleges that on June 3, the alarm system was triggered, and he attempted to disable the system through the Ring app.[10] Plaintiff claims that he was unable to disable the system through the app, so he disabled it manually.[11] Plaintiff further claims that during the event that occurred on June 3, he did not receive any push notifications or alerts from the Ring app that the alarm was triggered.[12] Plaintiff claims that he reached out to Ring customer service who allegedly assured him there was no unauthorized access or system compromise.[13] Plaintiff claims that he continued to experience app interference and system failures, and he was denied proper support.[14]

On June 5, 2025, Plaintiff filed a Petition for Damages against Amazon in the 21st Judicial District Court for the Parish of Tangipahoa, asserting claims for "negligence, misrepresentation, breach of contract, and violation of the Louisiana consumer protection statute."[15] Plaintiff is seeking compensatory damages, emotional distress damages, and injunctive relief.[16]

---

[7] Rec. Doc. 2-1 at 7.

[8] *Id.* at 8.

[9] *Id.* at 15.

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] *Id.* at 5.

[14] *Id.*

[15] *Id.*

[16] *Id.*

2

On July 10, 2025, Defendant removed the case to this Court on the basis of diversity jurisdiction.[17] On August 7, 2025, Defendant filed the instant Motion to Dismiss.[18] On August 7, 2025, Plaintiff filed an opposition to the motion.[19] On August 19, 2025, Defendant filed a reply brief, and on August 20, 2025, Plaintiff filed a sur-reply brief.[20]

## II. Parties' Arguments

### A.  *Defendant's Arguments in Support of the Motion*

Defendant moves the Court to dismiss this case because the Louisiana Product Liability Act ("LPLA") subsumes Plaintiff's claims, and Plaintiff has alleged no facts to support an LPLA claim.[21] According to Defendant, in order for Plaintiff to prove liability under the LPLA, he would have to establish that a characteristic of the product was a proximate cause of his damage and that characteristic made the product "unreasonably dangerous."[22] Defendant asserts that the LPLA sets forth four theories under which a plaintiff could allege a product was "unreasonably dangerous," and Plaintiff has not set forth any facts that would satisfy any of those four theories.[23] Therefore, Defendant argues that Plaintiff's claims should be dismissed because they are exclusively governed by the LPLA and Plaintiff has failed to state a claim under the LPLA.[24]

---

[17] Rec. Doc. 2.

[18] Rec. Doc. 20.

[19] Rec. Doc. 22.

[20] *See* Rec. Doc. 25; Rec. Doc 26.

[21] Rec. Doc. 20-1 at 1.

[22] *Id.* at 4.

[23] *Id.*

[24] *Id.*

Even assuming that the LPLA does not bar Plaintiff's claims, Defendant asserts Plaintiff has failed to plead sufficient facts to state a claim.[25] With respect to the negligence claim, Defendant asserts that Plaintiff has not alleged any facts to establish that Defendant owed him a duty or breached any duty owed.[26] With respect to the claim for intentional or negligent misrepresentation, Defendant notes that Plaintiff does not specify what statements Defendant allegedly made, when they were made, or to whom they were made.[27] With respect to the breach of contract claim, Defendant points out that Plaintiff has not established the existence of a contract, a breach of any contract, or how that breach caused damages.[28] Defendant asserts that Plaintiff has not alleged any "unfair, deceptive, or fraudulent acts" to state a claim under the Louisiana Unfair Trade Practices Act ("LUTPA").[29] Finally, Defendant asserts that Plaintiff should not be granted injunctive relief because he has failed to adequately allege a claim on the merits, and Plaintiff does not assert why monetary damages would be inadequate for his alleged injuries, or why injunctive relief is otherwise necessary.[30]

### B.     *Plaintiff's Arguments in Opposition of the Motion*

In opposition, Plaintiff asserts that his claims are not subsumed by the LPLA.[31] Plaintiff contends that the LPLA covers claims where products are unreasonably dangerous, but he argues it does not bar claims that are based on independent wrongful conduct, such as administrative

---

[25] *Id.*

[26] *Id.* at 5.

[27] *Id.* at 6.

[28] *Id.* at 7–8.

[29] *Id.* at 8.

[30] *Id.* at 9.

[31] Rec. Doc. 22 at 2.

interference.[32] Plaintiff argues that conduct outside of the manufacturing process is not subsumed by the LPLA.[33]

Plaintiff contends that he asserts a viable claim for negligence because: (1) Defendant had a duty to "safeguard and maintain secure access to Ring systems"; (2) Defendant breached that duty by "allowing or enabling proxy access and disabling security functions"; and (3) Plaintiff suffered damages from the diminished security and loss of reliability.[34] Plaintiff further argues that he has stated a claim for misrepresentation because a representative of Defendant attributed the failures to Wi-Fi problems, which delayed proper corrective measures.[35]

According to Plaintiff, he has stated a claim for breach of contract because the Ring camera's Terms of Service create a binding agreement that requires Defendant to provide a service with "reasonable care and security."[36] By failing to prevent unauthorized access to Plaintiff's account and disabling alarm functions without Plaintiff's consent, Plaintiff contends Defendant breached that binding agreement.[37] Plaintiff also argues that Defendant's acts of "concealing the true cause of system failures and blaming the customer without basis" are unethical and oppressive trade practices, which violates the LUTPA.[38] Lastly, Plaintiff argues that he seeks injunctive relief to restore the function of his Ring system and to prevent Defendant from continuing practices that

---

[32] *Id.* at 3.

[33] *Id.* at 4.

[34] *Id.*

[35] *Id.*

[36] *Id.*

[37] *Id.*

[38] *Id.* at 5.

allows unauthorized interference.[39] In the event the Court identifies pleading deficiencies, Plaintiff requests that he be granted leave to file an Amended Complaint.[40]

### C. Defendant's Arguments in Further Support of the Motion

In reply, Defendant asserts that even though Plaintiff tried to reframe his claims to amount to administrative misconduct, Plaintiff's claims are still governed by the LPLA.[41] Because all of Plaintiff's claims relate to Defendant's alleged liability for a product it purportedly sold to Plaintiff, Defendant asserts Plaintiff's claims should be analyzed exclusively under the LPLA.[42] Defendant contends that the new allegations raised by Plaintiff in opposition to the motion should not be considered, and even if they are considered, they fail to establish a plausible claim for relief.[43] Finally, Defendant asserts that Plaintiff's request to amend the complaint should be denied because the amendment would be futile.[44]

### D. Plaintiff's Arguments in Further Opposition of the Motion

In the sur-reply brief, Plaintiff asserts that his claims do not arise under the LPLA because he is not alleging that Defendant's device was defectively designed or manufactured.[45] Instead, Plaintiff asserts that the device was compromised due to Defendant's interference.[46] Therefore, Plaintiff argues the LPLA does not bar his claims because it does not govern misconduct in

---

[39] *Id.*

[40] *Id.* at 6.

[41] Rec. Doc. 25 at 2.

[42] *Id.*

[43] *Id.* at 3.

[44] *Id.* at 6.

[45] Rec. Doc. 26 at 2.

[46] *Id.*

administration of services.[47] Plaintiff further claims that Defendant had a duty to "safeguard Plaintiff's system from outside interference," and Defendant breached that duty by allowing unauthorized device history.[48] Additionally, Plaintiff argues that Defendant breached the contract with him by preventing him from accessing paid services.[49] Plaintiff further alleges that Defendant's alleged concealment, blocking of his account, and manipulation of his account are considered "unfair trade practices" under LUTPA.[50]

### III. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed for "failure to state a claim upon which relief can be granted."[51] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[52] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[53] "Factual allegations must be enough to raise a right to relief above the speculative level."[54] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[55]

---

[47] *Id.* at 3.

[48] *Id.*

[49] *Id.*

[50] *Id.*

[51] Fed. R. Civ. P. 12(b)(6).

[52] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[53] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[54] *Twombly*, 550 U.S. at 555.

[55] *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556).

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[56] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[57] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[58] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[59] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[60] That is, the complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."[61] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[62] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[63]

---

[56] *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[57] *Iqbal*, 556 U.S. at 678–79.

[58] *Id.* at 679.

[59] *Id.* at 678.

[60] *Id.*

[61] *Id.*

[62] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[63] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Hum. Serv. Dist.*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

## IV. Analysis

Defendant moves the Court to dismiss this case because the LPLA subsumes Plaintiff's claims, and Plaintiff has alleged no facts to support an LPLA claim.[64] Plaintiff asserts that his claims do not arise under the LPLA because he is not alleging that Defendant's device was defectively designed or manufactured.[65] Instead, Plaintiff asserts that the device was compromised due to Defendant's interference.[66]

The LPLA "establishes the exclusive theories of liability for manufacturers for damage caused by their products."[67] A plaintiff "may not recover from a manufacturer for damage caused by a product on the basis of any theory of liability that is not set forth in [the LPLA]."[68] In order to prevail on an LPLA claim, the plaintiff must establish "(1) that the defendant is a manufacturer of the product; (2) that [the plaintiff's] damage was proximately caused by a characteristic of the product; (3) that this characteristic made the product 'unreasonably dangerous'; and (4) that [the plaintiff's] damage arose from a reasonably anticipated use of the product by the claimant or someone else."[69] A manufacturer is "[a] person or entity who is in the business of manufacturing a product for placement into a trade or commerce."[70] Additionally, "[a] product is unreasonably dangerous if and only if" it is unreasonably dangerous in construction or composition, in design,

---

[64] Rec. Doc. 20-1 at 1.

[65] Rec. Doc. 26 at 2.

[66] *Id.*

[67] La. Rev. Stat. § 9:2800.52.

[68] *Id.*

[69] *Stahl v. Novartis Pharms. Corp.*, 283 F.3d 254, 261 (5th Cir. 2002) (citing La. Rev. Stat. § 9:2800.54).

[70] La. Rev. Stat. § 9:2800.53.

because an adequate warning about the product has not been provided, or because it does not conform to an express warranty of the manufacturer about the product.[71]

Plaintiff claims that when he bought his Ring home security device in March 2025, the product initially worked, but he later allegedly experienced connection failures, unexpected logouts, and false triggers. Thus, Plaintiff is seeking relief for damages that were allegedly caused by the malfunction of the Ring home security device. Plaintiff brings claims against Amazon, the owner of Ring, who manufacturers and sells the Ring home security device. Under the LPLA, Amazon is a manufacturer, because it is an entity who is in the business of manufacturing the Ring home security device "for placement into a trade or commerce."[72] Therefore, the LPLA subsumes Plaintiff's claims because he is bringing them against a manufacturer, namely Amazon, to recover damages allegedly caused by Amazon's product.

Plaintiff's claims for negligence, misrepresentation, breach of contract, and violation of LUTPA, all of which are subsumed by the LPLA because they relate to the damage he allegedly suffered from Amazon's product. Plaintiff offers zero facts that the Ring home security device was "unreasonably dangerous," and would fall into of the four theories of liability afforded by the LPLA. The Complaint does not allege any facts that, if taken as true, state a valid claim under the LPLA.

Short of granting a motion to dismiss, a court may grant a plaintiff leave to amend his complaint.[73] "In deciding whether to grant leave to amend, the district court may consider a variety

---

[71] La. Rev. Stat. § 9:2800.54.

[72] La. Rev. Stat. § 9:2800.53.

[73] *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006) ("This standard 'evinces a bias in favor of granting leave to amend. The policy of the Federal Rules is to permit liberal amendment.'") (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597–98 (5th Cir. 1981)).

of factors in exercising its discretion, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment."[74] Because Plaintiff is proceeding *pro se* and has not previously been granted leave to amend the Complaint, the Court grants Plaintiff leave to file an Amended Complaint to clarify the legal and factual basis for his claims under the LPLA.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss[75] is **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to amend the complaint by January 5, 2026. If Plaintiff is unable to cure the deficiencies in the complaint by that time, upon motion by a party, the Court will dismiss Plaintiff's claims.

**NEW ORLEANS, LOUISIANA,** this __22nd__ day of December, 2025.

_____
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[74] *See Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

[75] Rec. Doc. 20.